UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN CLINTON,<br><br>    Plaintiff,<br><br>        v.<br><br>KURT EARNST, CRAIG BRAJE, and ST. JOSEPH COUNTY SUPERIOR COURT,<br><br>    Defendants. | CAUSE NO. 3:22-CV-971-DRL-MGG |

OPINION AND ORDER

Kevin Clinton was convicted of embezzling more than $2 million dollars from his former employer, Steel Warehouse Company, LLC, and was sentenced to 71 months' imprisonment and restitution of the embezzled funds. *See United States v. Clinton*, No. 3:18-cr-136-RLM (N.D. Ind. sentenced Oct. 24, 2019). His former employer also filed a civil suit against him in Indiana state court for theft and related claims. *See Steel Warehouse Co, LLC v. Clinton*, No. 71D04-1808-CT-000395 (St. Joseph Super. Ct. filed Aug. 17, 2018) (available online at mycase.in.gov). Mr. Clinton became unhappy with his lawyer's performance in that case. *See* ECF 1-1 at 1. When his filings in the state court case seeking to terminate his attorney received no response, *see* ECF 1-1 at 3-4, he filed this lawsuit against the St. Joseph Superior Court and two attorneys, Kurt Earnst and Craig Braje. ECF 1. He asks this court to stop Kurt Earnst's representation of him in the state court case and to halt the state court case until he is released from custody. *Id.* at 4.

Because Mr. Clinton was a prisoner when he brought this case, 28 U.S.C. § 1915A requires that the court review the merits of the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Mr. Clinton is proceeding *pro se* here, proceeding without a lawyer. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

This case must be dismissed because subsequent events have mooted the case, leaving this court without subject matter jurisdiction over it. "A case become moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). When a case becomes moot, the federal courts lose subject matter jurisdiction. *Aslin v. Fin. Indus. Regul. Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013).

After Mr. Clinton filed this case, he has been released from prison, *see* ECF 11, and state court records show that he is now representing himself in the action brought by his former employer. *See Steel Warehouse Co, LLC*, No. 71D04-1808-CT-000395 (Order of Dec. 21, 2022). Accordingly, the relief Mr. Clinton seeks in this case has been satisfied,

independent of this court's actions. The issues in this case are no longer live, so the court lacks subject matter jurisdiction over the case.

For these reasons, the court DISMISSES this case for lack of subject matter jurisdiction.

SO ORDERED.

August 10, 2023                         *s/ Damon R. Leichty*
                                        Judge, United States District Court